IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EVERICK L. MONK                                                                PLAINTIFF

      v.                              Civil No. 1:10-cv-1072

SHERIFF FOSTER; CAPTAIN
TRUMAN YOUNG; LT. J.
DELANEY; SGT. DAVIS;
NURSE P. MANESS; and JOHN AND
JANE DOE, Doctors, Magnolia
Hospital                                                                        DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      Everick L. Monk (hereinafter Monk), an inmate of the Arkansas Department of Correction (ADC), East Arkansas Regional Unit, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. With his complaint, Monk has submitted an *in forma pauperis* (IFP) application. The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## 1. Background

      In his complaint, Monk alleges that while incarcerated at the Columbia County Detention Center, on May 26, 2010, he was attacked by another detainee. According to Monk, Sergeant Davis witnessed the attack and failed to protect him.

      Monk alleges that Lieutenant Delaney spoke with him immediately after the attack but did not make sure Monk received treatment for his injuries, a busted lip and broken finger. Monk alleges all of the Defendants knew of his serious medical need and did nothing to ensure he received medical treatment. Monk was transferred to the ADC in late July. As relief, Monk seeks an award of

compensatory and punitive damages.

## 2. Discussion

As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee although they are allowed to do so in installments. 28 U.S.C. § 1915(b).

As noted above, the Court is required to screen prisoner complaints. The Court must dismiss a complaint, or portion, thereof, if the prisoner has raised claims that: are legally frivolous or malicious; fail to state a claim upon which relief may be granted; or seek monetary relief from a defendant who is immune from such relief.

The PLRA also contains a provision which limits the ability of a prisoner to obtain IFP status if the prisoner has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). Specifically, § 1915(g), commonly known as the three strikes rule, provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The three strikes rule applies to Monk. He has more than three previous actions that qualify as strikes against him under section 1915(g). *See e.g., Monk v. Deppa, et al.*, Civil No. 5:97-cv-00213 (dismissed as frivolous on 6/30/1997); *Monk v. Norris, et al.*, Civil 4:08-cv-00382 (dismissed

for failure to state a claim on 11/13/1998); *Monk v. Lay, et al*, Civil No. 5:99-cv-00305 (dismissed as frivolous on 10/22/1999); *Monk v. Reed, et al,* Civil No. 5:00-cv-00161 (dismissed for failure to state a claim on 10/02/2000). Monk has also had a number of cases dismissed because of the application of the three strikes rule. *See Monk v. CMS et al.*, Civil No. 5:00-cv-00023; *Monk v. Casey, et al.* Civil No. 5:00-cv-00268; *Monk v. Norris*, *et al.*, Civil No. 5:01-cv-00005; *Monk v. Norris, et al.,* Civil No. 5:02-cv-00058; and *Monk v. Phieffer*, *et al.*, Civil No. 2:06-cv-00121.

In this case, there is no allegation that Monk is currently under imminent danger of serious physical injury. *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports).[1] Therefore, Monk is not eligible for IFP status.

3. **Conclusion**

Accordingly, I recommend that Monk be found ineligible for IFP status based on application of the three strikes provision of the PLRA, 28 U.S.C. § 1915(g), and that this case be dismissed without prejudice. If Monk wishes to continue this case, he should be directed to, **within thirty (30) days of the entry of an order adopting this report and recommendation,** pay the $350 statutory filing fee in full and file a motion to reopen the case. Upon receipt of the motion and full payment, this case should be reopened.

**Monk has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Monk is reminded that objections**

---

[1] In *Ashley v. Dilworth,* 147 F.3d 715 (8th Cir. 1998), the Eighth Circuit held that "an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of the filing. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(s) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* at 717.

**must be both timely and specific to trigger de novo review by the district court.**

Dated this 16th day of November 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE